Clerk of Court: Please file-stamp & Return 1 of 2 copies provided in self-addressed, postage-paid envelope

Sent 6/26/2017 via FedEx Overnight Delivery #: _____7794 9317 4988_____
Winston E. Arnow Federal Building
100 N. Palafox St.
Pensacola, FL 32502

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
(PENSACOLA DIVISION)

Tamah Jada Clark, Plaintiff
v.
James Scott Duncan
(personal & official capacities), Defendant

Case No. 3:17 cv 428-MCR/CJK

Monday, June 26, 2017

## 42 U.S.C. § 1983; Deprivation of Constitutional Rights Under Color of State Law:

### (DUE PROCESS & EQUAL PROTECTION)

JURY TRIAL DEMANDED.

### I. CAUSE OF ACTION

Following a 2016 arrest and detainment, pretrial release in behalf of Plaintiff was administered by James Scott Duncan, Judge of the Escambia County Circuit Court. As a non-monetary condition of bond, acting *under color of state law*, Defendant deprived Plaintiff of her Federal constitutional rights.[1]

Specifically, Defendant mandated that *"any documents presented by Clark or on Clark's behalf, first be presented to a Circuit Judge for review and approval prior to being presented for filing"*, (and specified that failure to comply would result in revocation of the bond). (See Exhibit ___A___ attached).

Article of Amendment V provides that *"No person shall be [...] deprived of life, liberty, or property, without due process of law"*; and Article of Amendment XIV provides that *"No*

---

[1] "By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." ***Gomez v. Toledo,*** 446 U.S. 635, 640 (1980); see also, e.g., ***Groman v. Township of Manalapan,*** 47 F.3d 628, 633 (3d Cir. 1995) ("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.").

1

*State shall [...] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

Defendant deprived Plaintiff of her rights to Due Process and Equal Protection under the Fifth and Fourteenth Articles of Amendment.

## II. UNDER COLOR OF ANY STATUTE

"Under color of any statute" has been broadly construed by the Supreme Court to include the exercise of power *"possessed by virtue of state law and made possible only because the wrongdoer isclothed with the authority of state law"* (**United States v. Classic**, 313 U. S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 [1941]).

According to Florida Statutes 907.041(1), pre-trial release laws are, in part, intended to provide guidelines for releasing *"those persons not considered a danger to the community who meet certain criteria"*. Florida Statutes 907.041(2) provides that *"Procedures for pretrial release determinations shall be governed by rules adopted by the Supreme Court."* Rule 3.131(b), Florida Rules of Criminal Procedure governing Pre-trial Release, (Conditions of Release) cannot authorize Defendant to deprive Plaintiff of Due Process, as a non-monetary condition of pre-trial release.

*"[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies [Section 1983's] requirement of action under color of state law."* **Lugar v. Edmondson Oil Co.,** 457 U.S. 922, 935 n.18 (1982). See also **Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,** 531 U.S. 288, 295 n.2 (2001) *("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.").*

## III. HIGH-RANKING IMPORTANCE OF PROCEDURAL RIGHTS

Under Federal Law/precedence, the Supreme Court has also stressed the high-ranking importance of procedural rights; the value of being able to defend oneself and her interests even if she cannot change the possible outcome of the proceedings. **Carey v. Piphus,** 435 U.S. 247, 266-67 (1978); **Marshall v. Jerrico, Inc.,** 446 U.S. 238, 242 (1980).

Essential to the concept of procedural due process is the opportunity to be heard. **Dep't of Law Enforcement v. Real Prop.,** 588 So.2d 957, 960 (Fla.1991); *see also* **Sheffey v. Futch,** 250 So.2d 907, 910.

*"'The touchstone of due process is protection of the individual against arbitrary action of government.'" **County of Sacramento v. Lewis**,* 523 U.S. 833, 845 (1998) (quoting ***Wolff v. McDonnell***, 418 U.S. 539, 558 (1974)). *"Parties whose rights are to be affected are entitled to be heard." **Baldwin v. Hale**,* 68 U.S. (1 Wall.) 223, 233 (1863).

Thus, the required elements of due process are those that *"minimize substantively unfair or mistaken deprivations"* by enabling persons to contest the basis upon which a State proposes to deprive them of protected interests. ***Carey v. Piphus***, 435 U.S. 247, 259 (1978).

When one has been arrested and detained, it is imperative to immediately begin preparation and filing of pleadings to answer to the allegations. But there was no process in place to meet the non-monetary pre-trial release conditions imposed by Defendant. See Exhibit _____ B _____ attached:

> "THIS CAUSE having come before the Court through the Office of the Clerk of Court regarding the Defendant's bond conditions; the Court having reviewed the file; and the Court being otherwise informed, offers the following: [...] Division E judge and the Clerk of Court in Escambia County are unsure and unclear as to how these conditions can be met".

**(Excerpt from foregoing Exhibit)**

Procedural due process requires that each litigant be given proper notice and a full and fair opportunity to be heard. ***Carmona v. Wal-Mart Stores, East, LP***, 81 So.3d 461, 463 (Fla. 2nd DCA 2011). Defendant deprived Plaintiff of a full and fair opportunity to be heard.

## IV.   EXCEPTIONS TAKEN TO JUDICIAL IMMUNITY

Judges do not possess absolute immunity in all instances—especially with respect to claims arising from *"the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." **Forrester v. White***, 484 U.S. 219, 227 (1988).

With respect to administering pre-trial release, if a judge considers evidence of the alleged crime(s), it is for the purposes of determining whether the evidence is compelling to the extent that the defendant is unlikely to appear for trial if released, not to adjudicate or make an assessment whether the government has presented sufficient evidence to justify the restriction of the defendant's liberty or property rights pending trial. See ***United States v. Edson***, 487 F.2d 370, 372 (1st Cir. 1973): *"Until a defendant has been convicted, the nature of the offense, as well as the evidence of guilt, is to be considered only in terms of the likelihood of his making himself unavailable for trial."*

Pursuant Florida's Constitution, Plaintiff was entitled to pretrial release on reasonable conditions not having been *"charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great".*

3

See Article I, Section 14, State of Florida Constitution. Plaintiff's right to pre-trial release was not being *decided* by Defendant, it was just being *administered* by him. The act was *ministerial*, not discretionary. [3]

"*[I]t would be difficult to conceive of any official act, no matter how directly ministerial, that did not admit of some discretion in the manner of its performance.*" **Ham v. County of Los Angeles**, 46 Cal. App. 148, 162, 189 P. 462, 468 (1920).

The right to pre-trial release does not stem from any of the three Branches of state Government (e.g. Executive, Legislative, Judicial). Instead, it is already established in Article I (Declaration of Rights) before any of the Branches of Government come under consideration. There was nothing to *adjudicate* with respect to pre-trial release; Defendant was mandated by the State Constitution to *administer* pre-trial release in the manner prescribed by law, *"governed by rules adopted by the Supreme Court"* (Florida Statutes 907.041(2)), for persons meeting certain criteria, which Plaintiff did meet.

Thus, in administering pre-trial release in the aforementioned instance, although done by a judge, the act itself appears to be *ministerial* in nature with a certain degree of discretion afforded thereto, as the State's Constitution has already mandated the right as existent and simply commanded the judge to carry out the *administration* of this mandate. Administration of a Discretionary Mandate does not shield a government official from civil damages when fundamental constitutional rights (e.g. Due Process and Equal Protection) have been blatantly violated, which a reasonable person would have known.

"*[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.*" **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982). The rights of Due Process and Equal Protection were clearly established at the time of Defendant's conduct.

According to **Hynson v. City of Chester**, 827 F.2d 932, 935 (3d Cir. 1987), any claims of qualified immunity in this instance may be overcome. (*"Although the officials claiming qualified immunity have the burden of pleading and proof . . . , a plaintiff who seeks damages for violation of constitutional rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue."*).

## V.   DENIAL OF EQUAL PROTECTION

---

[3] ***Ex parte Virginia***, 100 U.S. 339, 348 (1879). To fulfill his discretionary role, the judge must use his personal judgment in performing the act; in his ministerial role, the judge is required by law to perform certain acts in specific ways. See W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 132, at 988-90 (4th ed. 1971).

4

Under Florida Law, Due Process focuses on, among other things, the litigant's right to be heard. See ***DSA Marine Sales & Serv. v. County of Manatee***, 661 So. 2d 907, 909 (Fla. 2d D.C.A. 1995). *"None of the elements involved in the notion of procedural due process has greater importance than the right to be heard."* ***Miller v. Miller***, 691 So.2d 528, 529 (Fla. 4th DCA 1997). ***Zodiac Records, Inc., et al., v. Choice Environmental Services***, No. 4D12-906 (Fla. 4thDCA April 17, 2013).

According to Article I, Section 14, State of Florida Constitution, pretrial release is a right that would be afforded to other persons under reasonable conditions who have been charged with similar alleged crimes or violations.[4] The denial of such a right to Plaintiff is a denial of said person's right to Equal Protection.

## VI.   DAMAGES REQUESTED

*"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts."* ***Memphis Community School Dist. v. Stachura***, 477 U.S. 299, 306 (1986); see also ***Allah v. 20 Al-Hafeez***, 226 F.3d 247, 250 (3d Cir. 2000) *("It is well settled that compensatory damages under § 1983 are governed by general tort-law compensation theory.").*

Plaintiff requests compensatory damages[5] in the amount of ___$289,000___, with prejudgment interest, as follows:

   a. $79,000 to cover the bail amount Plaintiff was forced to secure as a result Defendant's conduct.
   b. $___$35,000___ for physical harm to Plaintiff during and after the events at issue, including physical pain and discomfort.
   c. $___120,000___ for Emotional and mental harm to Plaintiff during and after the events, to include fear, humiliation, and mental anguish, and mental and emotional harm that Plaintiff is reasonably certain to experience in the future. [6][7]

---

[4] "Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions." Article I, Section 14, State of Florida Constitution.

[5] "[C]ompensatory damages may be awarded once the plaintiff shows actual injury despite the fact the monetary value of the injury is difficult to ascertain." ***Brooks v. Andolina***, 826 F.2d 1266, 1269 (3d Cir. 1987).

[6] "[E]xpert medical evidence is not required to prove emotional distress in section 1983 cases." ***Bolden v. Southeastern Pennsylvania Transp. Authority***, 21 F.3d 29, 36 (3d Cir. 1994).

[7] See, e.g., ***Ruiz v. Gonzalez Caraballo***, 929 F.2d 31, 35 (1st Cir. 1991) (in assessing jury's award of damages, taking into account evidence that the plaintiff's *"post-traumatic stress syndrome would likely require extensive future medical treatment at appreciable cost"*); ***Lawson v. Dallas County***, 112 F.Supp.2d 616, 636 (N.D. Tex. 2000) (plaintiff is *"entitled to recover compensatory damages for the physical injury, pain and suffering, and*

5

      d. $___55, 000____ for the wages, salary, profits, and reasonable value of the working time Plaintiff has lost because of diminished ability to work, and the present value of the same that Plaintiff is reasonably certain to lose in the future because of diminished ability to work.

Punitive Damages are also requested, as Defendant's conduct was reckless and motivated by evil intent.[8] The Supreme Court has held that, similar to tort law, such damages are available under section 1983 (***Smith v. Wade***, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 [1983]).

Plaintiff prays that the jury will assess a significant amount of punitive damage, being that the purpose of the same is to punish the Defendant, and the people need to send a message to those entrusted with governmental authority that if they abuse that authority, then there will be a very high price to pay, which will hopefully discourage such conduct in a day and age where abuse of authority is rampant. This species of damages may be awarded even in the absence of a showing of actual damages (***Basista v. Weir***, 340 F.2d 74 [3d Cir. 1965]).

JURY TRIAL DEMANDED.


Respectfully Submitted,

*[signature: Tamah Jada Clark]*
All rights expressly reserved. Executed w/o U.S.

Mrs. Tamah Jada Clark
6901-A N. 9th Avenue, #429
Pensacola, Florida [32504]
Tclark@CommonLawOffice.com
Office No: 1(888)256-6692
Facsimile No: 1(888)288-6412

---

mental anguish that he has suffered in the past – and is reasonably likely to suffer in the future – because of the defendants' wrongful conduct"), aff'd, 286 F.3d 257 (5th Cir. 2002).

[8] "Section 1983 itself 'contains no state-of-mind requirement independent of that necessary to state a violation' of the underlying federal right'". ***Board of County Com'rs of Bryan County, Okl. v. Brown***, 520 U.S. 397, 405 (1997) 34 (quoting ***Daniels v. Williams***, 474 U.S. 327, 330 (1986)).

# Exhibit A

| WARRANT/OTTIC SERVED REPORT NO: ▓▓▓ | SERVICE RETURN | ESCAMBIA COUNTY SHERIFF'S OFFICE |
|---|---|---|

| Jail Booking No ▓▓▓ | Offense No | Other No ▓▓▓ | OBTS |
|---|---|---|---|

**[ SUSPECT ]**

| Last | First | Middle | | Title | Race | Sex | DOB | Age | Hgt | Wgt |
|---|---|---|---|---|---|---|---|---|---|---|
| CLARK | ▓▓▓ | ▓▓▓ | | | B | F | ▓▓▓ | ▓▓▓ | ▓▓▓ | ▓▓▓ |

| Eyes | Hair | MNI Number | SSN | I.D. No. | | St | Type | OCA/Agency ID |
|---|---|---|---|---|---|---|---|---|
| BRO | BRO | ▓▓▓ | ▓▓▓ | ▓▓▓ | | GA | ▓▓▓ | ▓▓▓ |

Birth Location: City: County: State: Nation: Citizenship:
Address
▓▓▓

Occupations (Current/Last Known is Listed First)
  Business: ▓▓▓, Job Title: , Entered: 2/29/2016

Aliases (Last, First Middle Title DOB)
▓▓▓

Street Names
  * none found in MNI *

**[ INCIDENT INFORMATION ]**

Occurred Date Range: 3/30/2016   to                       Lat / Long
No.    Di    Street           Apt/Lot City           ST    Zip    (GEO)
                                                     FL           - - -

**[ CHARGES ]**

817.535.3a
▓▓▓

| Counts | Level | Degree | GOC | UCR | NCIC | AQN | Bond Amount |
|---|---|---|---|---|---|---|---|
| 1 | ▓▓▓ | ▓▓▓ | Not Applicable | ▓▓▓ | | ▓▓▓ | $10,000.00 |

**[ STATEMENT OF PROBABLE CAUSE / NARRATIVE ]**

PER JUDGE DUNCAN_____CONDITION OF CLARK'S BOND__ANY DOCUMENTS PRESENTED BY CLARK OR ON CLARK'S BEHALF,
              FIRST BE PRESENTED TO A CIRCUIT JUDGE FOR REVIEW AND APPROVAL PRIOR TO BEING PRESENTED
              FOR FILING TO THE ESCAMBIA COUNTY CLERK OF COURT OR THE SANTA ROSA COUNTY CLERK OF
              COURT. ANY DOCUMENTS PRESENTED BY CLARK, OR ON CLARK'S BEHALF, TO THE CLERK(S) OF COURT
              WITHOUT FIRST BEING REVIEWED AND APPROVED BY A CIRCUIT JUDGE, WILL BE DEEMED A VIOLATION
              OF CLARK'S BOND.

_C. Horne_ /s/                    ▓▓▓           HORNE, ▓▓▓              ▓▓▓
Signature (Arresting Officer)                   Name                    ID/SSN

Subscribed and sworn to (or affirmed) before me this 15 day of   June   A.D., 2016 by _C. Horne_
who is personally known to me or has produced _____ as identification.

▓▓▓   Printed On: 6/15/2016 11:51:25 AM   Page 1 of 3              [BGCOKER 6/15/2016 07:49]

Exhibit B

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

STATE OF FLORIDA
Plaintiff,

Clerk No.: 2016 CF 003027 A

v

Division: E

TAMAH JADA CLARK,
Defendant.

## ORDER REQUESTING ARRAIGNMENT JUDGE TO CHANGE NON-MONETARY PRETRIAL RELEASE CONDITIONS

THIS CAUSE having come before the Court through the Office of the Clerk of Court regarding the Defendant's bond conditions; the Court having reviewed the file; and the Court being otherwise informed, offers the following:

Defendant has posted a $10,000 professional bond pursuant to the warrant signed by the reviewing Court with the following non-monetary restrictions: *any documents presented by Clark of on Clark's behalf, first be presented to a Circuit Judge for review and approval prior to being presented for filing to the Escambia County Clerk of Court or Santa Rosa County Clerk of Court. Any documents presented by Clark, or on Clark's behalf, to the Clerk(s) of Court, without first being reviewed and approved by a Circuit Judge, will be deemed a violation of Clark's bond.*

Wherefore, it is: ORDERED and ADJUDGED: Division E Judge and the Clerk of Court in Escambia County are unsure and unclear as to how these conditions can be met and ask the Arraignment Judge to conduct a bond hearing to clarify or amend this non-monetary pretrial release condition.

DONE and ORDERED in Pensacola, Escambia County, Florida, on this 20th day of June, 2016.

Darlene F. Dickey, County Court Judge