UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMAH JADA CLARK,

    Plaintiff,

v.                                             Case No. 3:17cv428-MCR-CJK

JAMES SCOTT DUNCAN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 1). Upon review, it is clear the facts as presented fail to support a viable claim for relief. It likewise is clear plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus

recommends the case be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff has sued a single defendant – J. Scott Duncan, Escambia County Circuit Judge – based on his imposition of certain conditions of plaintiff's pre-trial release. Plaintiff claims Judge Duncan violated her rights under the due process and equal protection clauses of the United States Constitution. As relief for the alleged violations, plaintiff seeks both compensatory and punitive damages.

Plaintiff's claim for monetary damages against Judge Duncan in his official capacity is barred by the doctrine of sovereign immunity. Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment is an absolute bar to an individual's suit for monetary damages against a state or its agencies, or against a state officer in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Plaintiff's claim for monetary damages against Judge Duncan in his individual capacity also is barred – by judicial immunity. A judge acting in his judicial capacity is absolutely immune from suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from

suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted). The term "jurisdiction," as it applies

to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Thus, a judge is not deprived of absolute immunity from liability for damages because an action he took was in error, illegal, or done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 355-57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). A judge is subject to liability only when he acted in clear absence of all jurisdiction and knew or must have known that he was acting in such a manner. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (*citing Stump*, 435 U.S. at 356-57). Where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction).

The conduct of which plaintiff complains – Judge Duncan's imposition of conditions of pre-trial release – is a function normally performed by a judge. As plaintiff was a party in the case over which Judge Duncan was presiding, plaintiff dealt with Judge Duncan in his judicial capacity. Under Florida law, state circuit judges have exclusive original jurisdiction to hear and determine felony criminal

matters. *See* Fla. Stat. § 26.012(2)(d). Judge Duncan is absolutely immune from suit for damages based on his impositions of conditions of pre-trial release.

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Here, it is evident plaintiff has wholly failed to allege facts showing she is entitled to relief. It also is apparent plaintiff cannot cure the deficiency by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 4th day of August, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**